IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SABIR WILCHER,

                    Plaintiff,                         ORDER

v.

                                                 12-cv-803-bbc

RICK RAEMISCH, *et al.*,

                    Defendants.

---

      Plaintiff Sabir Wilcher is proceeding on claims that defendant prison officials violated plaintiff's First Amendment rights by retaliating against him because he refused to provide false information about the alleged illegal activities of another prisoner. Currently before the court are a series of discovery-related motions filed by the parties. I will grant in part plaintiff's requests as detailed below and allow him a brief extension of his deadline to file his summary judgment opposition materials.

## DISCUSSION

**I. Motion to Compel Discovery**

      **A. Confidential Informant Statements**

      Part of plaintiff's claim is that he was issued a false conduct report for possession of intoxicants that was prosecuted with the help of fabricated confidential informant statements. It is clear that plaintiff wants these statements, but his requests assume they are already missing; he refers to a previous case in this court, *Williams v. Raemisch*, case no. 11-cv-411-slc (W.D. Wis.), in which that plaintiff sought disclosure of the same missing confidential informant statements at issue here. The defendant prison officials in that case stated that they "believe the original statements were forwarded to a court for another case brought by Derek Williams and

the original statements have not been returned." *Williams*, case no 11-cv-411-slc, dkt. 38, exh. 1 at 6.

In this case, plaintiff's actual discovery requests seek information regarding what court DOC sent these documents to and when. Defendants responded that plaintiff failed to provide further information from the other case that would put his current request in context (counsel states that she did not work on the previous case), and that the documents are not available at the institution. However, defendants *do* state that they have recovered *unsigned* versions of these statements, and that summaries of the statements provided to plaintiff at his disciplinary hearing have been provided for his inspection. Defendants have provided unredacted copies of these summaries to the court ex parte, *see* dkt. 33 and attached exhibits. This is enough.

The information that plaintiff seeks about the submission of the statements to another court is tangential and irrelevant. Having access to the signed statements would provide a sounder foundation for these documents, but that is not necessary here. In the *Williams* case, the Court of Appeals for the Seventh Circuit stated:

> The officer who presided over [Williams's] disciplinary hearing attests that he received, saw and read the two informants' statements and Williams offers no direct evidence to contradict the officer's attestation. Williams's only response is that, because prison personnel have misplaced the confidential informants' statements, he is entitled to an inference that the statements never existed. But whatever adverse inference can be drawn from the loss of the statements, Williams offers no legitimate reason to draw it against Lindmeier or Swiekatowski because he furnishes no evidence that either of them played any role in the misplacement of the documents. Williams's bare suspicion that the statements never existed is insufficient to create a genuine issue of material fact.
>
> *Williams v. Raemisch*, App. No. 13-1727 (7th Cir. November 6, 2013), *see* dkt. 113-1 in Case No. 11-cv-411.

In short, there is no basis to conclude that the statements are imaginary or were fabricated by DOC staff. It is not worth the expenditure of time and resources at this juncture to require defendants or their attorneys to attempt to track down the original signed statements. If this case goes to trial, then defendants likely will have a foundation problem if they seek to admit into evidence the unsigned copies of the informants' statements, but that is not today's concern. Put another way, the unsigned versions of these documents are not as good to the originals, but the court will accept them for the time being. At this point, the parties seem to agree that the statements should be submitted to this court for *in camera* review. I will grant defendants' motion to submit the unsigned versions of these documents *in camera* and under seal.

Finally, plaintiff disagrees with three of defendant Ericksen's responses regarding the confidential informant statements. Plaintiff first asked Ericksen who was in control of those documents, and Ericksen appears to have answered that to the best of his ability by saying that they are generally retained by the security office. There is no need to compel any further response. Plaintiff also asked Ericksen to what court the statements were sent, and Ericksen responded that he did not know. This is consistent with defendants' account of the whereabouts of the documents. Counsel objected on vagueness grounds to the following interrogatory: "As the GBCI Security Director can you explain how two (2) confidential informants statements become lost with no record of how they were lost." Perhaps it would have been better for defendants to respond more directly to this question (it *is* a valid question) but it is clear from the other information provided by defendants that nobody has an explanation.

**B. Telephone Recordings**

Plaintiff seeks telephone recordings mentioned in his conduct report and states that defendant Ericksen has admitted that all phone recordings are saved on a computer. However, defendants have looked into the recordings and report that some of the data was corrupted in converting from the former (analog, cassette-based) system. Defendants cannot provide information they no longer have. They state that the data that was not corrupted will made available to plaintiff upon request, which resolves this issue.

**C. Information from Defendant Pollard**

Plaintiff takes issue with a couple of defendant William Pollard's responses to interrogatories regarding the time line of the investigation. Pollard has answered that he does not have access to the information because he is no longer the warden at the Green Bay Correctional Institution. This is a sufficient response because the information is no longer under his control.

**D. Policies/Procedures**

Plaintiff asks defendant Lindmeier what policy or procedure she was working under when she interrogated plaintiff, and what policy or procedure authorized DOC staff to "force an inmate to cooperate in a prison internal investigation." Lindmeier responded with references to Wis. Admin. Code ch. DOC 303. Plaintiff seeks a more specific answer. Although Chapter DOC 303 does not reveal obvious individual regulations that answer these questions, defendants have since made their theories clear in their documents supporting their motion for summary

4

judgment. As a practical matter, plaintiff has the information he needs. No further discovery answer is necessary at this time.

### E. Defendants' Discipline History

Plaintiff makes a series of requests about defendants' disciplinary histories. Defendants first object to these requests on the grounds that they are overbroad, and some of them certainly are, to the extent that plaintiff seeks *any and all* disciplinary information, no matter how relevant the information might be to the issue pertaining to this case. However, some of the requests are more focused; plaintiff asks for information about prior instances of investigations into defendants Swiekatowski and Lindmeier being accused of falsifying information against inmates. Defendants seem to argue that disciplinary records should be off limits because an inmate in possession of them could use them to blackmail the staff member. Understanding the bases for these objections, this court has allowed discovery of actual *findings* of similar violations against DOC employee defendants. Accusations of misconduct are easy to make, but unless they have been established as true, they are not probative of anything in this lawsuit. If any defendant actually has been found by any administrative, judicial, or job-related tribunal to have engaged in intentionally falsifying information in any job-related capacity, defendants must disclose the existence and date of any such finding(s).

### F. Ericksen Interrogatory No. 3

Plaintiff submitted the following interrogatory to defendant Ericksen:

5

> In a prison internal investigation as the one involving conduct report no. 2075305 do the investigation staff report to you the 'ongoings' of the investigation[?]

Counsel objected on vagueness grounds, which is not persuasive. Plaintiff clearly seems to be asking about whether Ericksen usually receives updates during the course of investigations. In any case, plaintiff has now narrowed the request— he clarifies that he wants to know whether investigative staff (in this case, defendants Swiekatowski and Lindmeier) reported to Ericksen regarding their investigation on the conduct report. This is a manageable question so I will grant plaintiff's motion to compel.

### G. Identification of Plaintiff as a "Ghetto Boy"

Plaintiff submitted an interrogatory to defendant Swiekatowski asking for the name of documents that identified plaintiff as a "Ghetto Boy," which I understand to be a gang. He also submitted a request that defendants produce all such documents in his "security file." (Plaintiff seeks this information because one of the confidential informants stated that plaintiff "is an old school ghetto boy" and plaintiff wants to know how defendants corroborated this.) Defendants objected to the interrogatory on the grounds that it is vague, ambiguous or calls for speculation.

This objection is not persuasive, but defendants' response to the request for production of documents moots the issue: they report that there is no such thing as a "security file," but that copies of conduct reports were kept in a "secure file" that were disposed of when plaintiff was transferred out of GBCI, and that original copies of the conduct reports would have been kept in plaintiff's "Social Services file" that was sent to his current institution (Columbia Correctional

6

Institution). Because defendants do not have these documents under their control, they do not need to provide them.

### H. Lindmeier Interrogatories Nos. 4 and 5

Plaintiff asked Lindmeier whether she or anyone in security ever obtained the post office box number used by Karen Banek, the woman who defendants believed was smuggling drugs into inmate Derek Williams. Lindmeier answered that she does not recall whether they obtained that information. She cannot disclose information she does not have.

Plaintiff asked Lindmeier whether any staff ever actually witnessed Banek or Williams in possession of illegal drugs. Lindmeier responded by stating, "The evidence from Conduct Report #2075305 indicates that it is more likely than not drugs were being brought into the institution by Ms. Baneck." I understand this response and the evidence defendants have provided as a roundabout way of saying "No." It appears from the evidence defendants have provided that the conduct report was supported by the confidential informant statements and correspondence between various inmates and Banek, not evidence of prison officials catching Banek or Williams red-handed with drugs. If Lindmeier--or any other defendant, for that matter–plans on introducing such evidence, it must be disclosed as soon as possible.

7

**II. Motion to Stay Summary judgment**

Finally, plaintiff has filed a motion to stay the summary judgment proceedings so that he can adequately produce a response, dkt. 26. Given the timing of this order, I will give plaintiff another brief extension, to April 4, 2014, with defendants' reply deadline extended commensurately.

ORDER

It is ORDERED that

(1) Plaintiff Sabir Wilcher's motion to compel discovery, dkt. 27, is GRANTED in small part and DENIED in all other parts, in the manner and for the reasons stated above;

(2) Defendants' motion to submit unsigned copies of the confidential informant statements at issue, dkt. 33, is GRANTED.

(3) Plaintiff's deadline to respond to defendants' motion for summary judgment is extended to April 4, 2014, with defendants' reply due by April 14, 2014.

Entered this 21st day of March, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge